UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| HORACE B. NELSON, SR.,<br><br>    **Plaintiff,**<br><br>v.<br><br>AZIYO BIOLOGICS, INC., *et al.*,<br><br>    **Defendants.** | CASE NO. 5:22-CV-115-KKC<br><br><br>**OPINION AND ORDER** |

*** *** ***

This matter is before the Court on a motion for summary judgment (DE 62) filed by defendants Medtronic Sofamor Danek USA, Inc. and SpinalGraft Technologies LLC ("Defendants"). In response, plaintiff Horace B. Nelson, Sr. requests that the Court defer ruling on summary judgment in order for him to conduct additional discovery. Because the Court finds that additional discovery is necessary, it will deny Defendants' motion.

**I.      Background**

This action is a product liability and personal injury suit involving FiberCel Fiber Viable Bone Matrix ("FiberCel"), a surgical implant made from human tissue. This product is manufactured by Aziyo Biologics and distributed by Medtronic Sofamor Danek USA, Inc. and subsidiary SpinalGraft Technologies LLC (together, "Medtronic"). As the basis of this action, Plaintiff Horace B. Nelson, Sr. ("Nelson") alleges that the FiberCel implanted into him during an April 5, 2021 lumbar fusion operation was contaminated with tuberculosis, causing him to contract the disease and require additional medical care. He brings claims for negligence (Count I); fraudulent omission (Count II); medical monitoring (Count III); and punitive damages (Count IV).

Now, Medtronic moves for summary judgment before the end of the discovery period.

Medtronic argues that it is entitled to summary judgment on three grounds: (1) Nelson's claims against Medtronic are barred by Kentucky's Middleman Statute, KRS § 411.340; (2) Nelson's fraudulent omission claim fails because of the Middleman Statute and because there was no contract between Nelson and Medtronic; and (3) Nelson's medical monitoring and punitive damages claims are not standalone claims but rather relief for the underlying claims. (DE 62-1 at 2.)

In response to the motion for summary judgment, Nelson concedes that his case cannot proceed against Medtronic if the Middleman Statute applies. (DE 68-1 at 2.) However, Nelson argues that summary judgment is premature because he "has not had an adequate opportunity to conduct discovery of information" that would allow him to properly allege an exception to the Middleman Statute, thus establishing a genuine issue of material fact. (*Id.*) Instead, he asks the Court to deny summary judgment as premature and allow for discovery on the "critical topics" outlined in his response.

## II. Analysis

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

The moving party bears the initial responsibility of "informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quotation marks omitted). The movant may meet this burden by demonstrating the absence of evidence supporting one or more essential

elements of the non-movant's claim. *Id.* at 322–25. Once the movant meets this burden, the opposing party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

Once the burden of production has shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Rule 56(e) "requires the nonmoving party to go beyond the pleadings" and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324. Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322.

In considering a motion for summary judgment, the court must view the facts and draw all inferences therefrom in a light most favorable to the nonmoving party. *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). The moving party must show conclusively that there is no genuine issue of material fact. *Id.* However, at the summary judgment stage, the judge's function is not to weigh the evidence and determine the truth of the matter. *Wiley v. U.S.*, 20 F.3d 222, 226 (6th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249). The Court is not to judge the evidence or make findings of fact. *60 Ivy Street Corp.*, 822 F.2d at 1435–36. The purpose of summary judgment "is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried." *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 130 F.Supp.2d 928, 930 (S.D. Ohio July 12, 1999).

Ultimately, this Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52.

Yet "[t]he general rule is that summary judgment is improper if the non-movant is not afforded a sufficient opportunity for discovery." *Vance v. United States*, 90 F.3d 1145, 1148 (6th Cir. 1996) (citation omitted). Rule 56(d) allows the non-movant to show "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," after which the court may "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." So if a non-movant believe that it needs more time for discovery before it can respond to a motion for summary judgment, "the non-movant must file an affidavit pursuant to [Fed. R. Civ. P. 56(d)] that details the discovery needed, or file a motion for additional discovery." *Abercrombie & Fitch Stores, Inc.*, 280 F.3d at 627. "Beyond the procedural requirement of filing an affidavit, [Rule 56(d)] has been interpreted as requiring that a party making such a filing indicates to the district court its need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information." *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000).

Here, Nelson argues that summary judgment would be premature because he has not had sufficient opportunity to conduct discovery relevant to his response to Medtronic's assertion of the Middleman Statute. He claims that further discovery is necessary to check whether there is a genuine issue of material fact as to the applicability of the Middleman Statute's knowledge exception, which states that a distributor can be liable for a products liability action if it "knew or should have known at the time of distribution or sale of such

4

product that the product was in a defective conduction, unreasonably dangerous to the user or consumer." KRS § 411.340.

Nelson points to a number of cases that support his assertion that courts generally wait until extensive discovery has been conducted or the deadline for discovery has passed before ruling on summary judgment pursuant to the Middleman Statute. *Parker v. Henry A. Petter Supply Co.*, 165 S.W.3d 474, 478 (Ky. App. 2005) (holding that summary judgment was premature because plaintiff's expert produced evidence that should have been allowed to develop in continued discovery); *Richardson v. Rose Transport, Inc.*, 2014 WL 121690, at *4, 11 (E.D. Ky. Jan. 13, 2014) (ruling on summary judgment after the close of discovery); *Taylor v. Southwire Tools & Equipment*, 130 F. Supp. 3d 1017, 1023 (E.D. Ky. Sept. 11, 2015) (ruling on summary judgment after the parties have taken depositions and presented experts); *Papineau v. Brake Supply Co., Inc.*, 2021 WL 4493707, at *2, 14 (W.D. Ky. Sept. 30, 2021) (ruling on summary judgment after conducting "vigorous . . . discovery").

Nelson argues that "virtually no discovery has been completed in this case." (DE 68-1 at 7.) He explains that the Court has granted three stays for the parties to explore an early resolution, which has made him unable to depose Medtronic's witnesses or corporate representatives. (*Id.*) These depositions, he claims, would reveal "critical information central to the merits" of Medtronic's motion for summary judgment. (*Id.*) Accordingly, he asks that the Court deny the motion as premature and allow him to conduct discovery on what Medtronic knew or should have known about the defective FiberCel units and when it acquired such information. (*Id.* at 10.) Nelson includes a list of material facts that he intends to discover, including but not limited to: (1) when and how Medtronic became aware that the FiberCel it sold or distributed was contaminated with tuberculosis; (2) when and how Medtronic became aware that Aziyo had received reports of patients who had received

FiberCel developing Tuberculosis; and (3) when and how Medtronic became aware that Aziyo planned to issue a voluntary recall of FiberCel. (*Id.* at 11.)

In response, Medtronic argues that Nelson's request for additional discovery is insufficient to overcome the "undisputed affidavit of Dr. Daniel Shimko, which demonstrates that Medtronic did not know and could not have known that [Nelson's] FiberCel was allegedly contaminated at the time of sale." (DE 69 at 1-2.) It further argues that: (1) Nelson has not provided specific reasons for the necessity of additional discovery; and (2) Nelson waived opposition to Medtronic's summary judgment arguments by failing to respond to them. (*Id.* at 3, 8.)

Medtronic's latter argument is without merit. Nelson did not respond to the merits of Medtronic's motion for summary judgment because, under his argument for additional discovery, he *cannot* properly respond to its arguments. If anything, his lack of response to the merits augments his need for additional discovery.

Further, the Court finds that Nelson has sufficiently shown by specific reasons the necessity for additional discovery. Rule 56(d) has been interpreted to require the movant to show: (1) the need for discovery; (2) what material facts it hopes to discover; and (3) why it has not previously discovered the information. *Ball v. Union Carbide Corp.*, 385 F.3d 713, 720 (6th Cir. 2004). As previously discussed, the Court finds that Nelson has sufficiently shown that these three requirements are met. Yet Medtronic argues that the list of material facts that Nelson seeks to discover is not specific enough and/or already resolved by Dr. Shimko's affidavit.

The information sought by Nelson, such as what Medtronic knew about Aziyo's handling of contaminated FiberCels and their recall, could foreseeably create a genuine issue of material fact as to Medtronic's knowledge of the contamination. Further, Dr.

6

Shimko's affidavit is "undisputed" because Nelson has not had the opportunity to dispute it through appropriate discovery. It would be inappropriate to grant summary judgment on his affidavit alone and when the discovery period has not ended.

It would be an abuse of discretion to grant summary judgment without allowing Nelson the opportunity to conduct discovery and respond appropriately. The Court finds that he has sufficiently shown, by specific reasons, the need for discovery, what material facts he hopes to discover, and the reason why these facts were not previously discovered. Nelson pursued an early resolution to this action in good faith and paused discovery as to not waste resources in the event of a settlement. It would be unfair for the Court to deprive him of an opportunity to defend himself against Medtronic's motion for summary judgment, particularly when the deadline for discovery has not yet passed.

### III. Conclusion

For the aforementioned reasons, the Court hereby ORDERS that Defendants' motion for summary judgment is DENIED AS PREMATURE.

This 15th day of July, 2024.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY