UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| HORACE B. NELSON, SR., <br><br> **Plaintiff,** <br><br> v. <br><br> AZIYO BIOLOGICS, INC., *et al.*, <br><br> **Defendants.** | CASE NO. 5:22-CV-115-KKC <br><br> **OPINION AND ORDER** |

*** *** ***

This matter is before the Court on Plaintiff Horace B. Nelson, Sr.'s Motion for Extension of Time to Complete Discovery. (DE 87.) For the following reasons, the Court will deny Plaintiff's motion.

Plaintiff asks that the Court reopen expert discovery and require the defendants to supplement their expert disclosures "to include all material upon which those experts rely, in addition to requesting supplementation of the [d]efendants' Rule 26 disclosures." (DE 87 at 1.) Pursuant to the scheduling order in this matter, the deadline for Plaintiff's rebuttal expert designations with respect to Defendant Aziyo Biologics, Inc. was February 5, 2025. The deadline for Plaintiff's rebuttal expert designations with respect to Defendant DCI Donor Services, Inc. was February 19, 2025. Plaintiff submitted this request twelve days after the February 5 deadline and only two days before the February 19 deadline.

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "When considering a motion to amend, a district court will examine (1) whether the moving party has shown 'good cause,' . . . , and (2) whether the modification will cause the opposing party to experience possible prejudice[.]" *Gatza v. DCC Litig. Facility, Inc.*, 717 F. Appx. 519, 521 (6th Cir. 2017) (citing *Inge v. Rock Fin. Corp.*, 281 F.3d

613, 625 (6th Cir. 2002)). To show good cause, a moving party can demonstrate that he or she diligently attempted to meet the original deadline. *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003). There are five factors to consider: "(1) when the moving party learned of the issue that is the subject of discovery; (2) how the discovery would affect the ruling below; (3) the length of the discovery period; (4) whether the moving party was dilatory; and (5) whether the adverse party was responsive to . . . discovery requests." *Bentkowski v. Scene Magazine*, 637 F.3d 689, 696 (6th Cir. 2011) (quoting *Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 478 (6th Cir. 2010)). The central question among these factors is whether a party acted diligently. *Dowling*, 593 F.3d at 478.3

  Good cause to modify the scheduling order does not exist here because Plaintiff did not act diligently. It is undisputed that Aziyo timely disclosed its expert witnesses on January 6, 2025, and DCI timely disclosed its expert witnesses on February 5, 2025. Both of these disclosures were made weeks before rebuttal expert designations were due from Plaintiff. Further, this case has had a lengthy discovery period. This case was removed to this Court on May 6, 2022. (DE 1.) Discovery proper in this matter began in August 2023. (DE 26.) Plaintiff already moved for an extension to disclose expert witnesses on November 21, 2024—a request that the Court granted. (DE 77.)

  It appears that Aziyo provided Plaintiff with numerous dates in which Plaintiff could depose Aziyo's expert witnesses, but Plaintiff did not take the opportunity. It further appears that Plaintiff did not request depositions of the witnesses listed in DCI's Rule 26 disclosure either. If Plaintiff had questions about the sources relied upon in the reports and opinions of Aziyo's (or DCI's) experts, a deposition would likely be a powerful clarifying tool. Plaintiff explains that supplementation would help inform the decision on whether to depose these experts, but that does not justify waiting until after the deadline for Plaintiff's

2

rebuttal expert designations for Aziyo to move the Court for an extension. The Court would note, too, that the requested supplementation is vague, asking simply for "all materials upon which those experts rely[.]" (DE 87 at 1.)

Plaintiff attempts to use *Reg'l Airport Auth. V. LFG, LLC*, 460 F.3d 697 (6th Cir. 2006) to support his argument that the amendment should be granted. Yet this case is distinguishable, as it pertained to the invocation of the work-product doctrine in refusing to produce documents relied upon by experts. Here, the defendants have not refused to disclose certain materials but simply identified them rather than producing them. Regardless of the case law, Plaintiff fails to adequately explain why he waited so long to move the Court to order supplementation. What appears to have happened in this matter is that Plaintiff waited until the last moment—after the last moment, in Aziyo's case—to get another chance at expert discovery. Plaintiff even acknowledges that "the better, safer practice would have been to file an extension request" after Aziyo disclosed its experts. (DE 89 at 2.) The prospect of settlement and subsequent negotiations occurring do not give a party free rein to forgo the deadlines established in the scheduling order.

Accordingly, the Court hereby ORDERS that Nelson's Motion for Extension of Time to Complete Discovery (DE 87) is DENIED.

This 11th day of July, 2025.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY